UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| MICHAEL WAYNE FLANERY | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 0: 08-92-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| MEL LYNHART, ET AL. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants | ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*

Michael Wayne Flanery ("Flanery"), an inmate incarcerated at the Greenup County Detention Center ("GCDC") in Greenup, Kentucky, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. [R. 2] The Court has granted his motion to proceed without prepayment of the filing fee by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997). As Flanery is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

**I.     BACKGROUND**

In his Complaint, Flanery alleges that he has been held in GCDC for over a year awaiting trial on unspecified criminal charges. He alleges that his defense attorney is not adequately representing him and that the trial judge has overruled his motions and will not compel a speedy trial. Flanery indicates that his trial date has been set for November 3, 2008. Flanery further alleges that the jail does not employ a full-time nurse, and charged him $50 to see a doctor. He also indicates that the jail has a problem with staph infections, and the jail has not adequately addressed the problem. Flanery objects to other jail conditions, alleging that the jail is overcrowded, and does not provide pencil sharpeners or cleaning supplies. In his complaint, Flanery has named as defendants several prosecuting attorneys, a defense attorney, and a circuit court judge. Although he does not expressly allege that these individuals are involved in his criminal trial, the Court infers this from Flanery's allegations. Flanery has not named any jail officials as defendants.

**II.    DISCUSSION**

**A.     Criminal Prosecution Claims.**

Flanery's claims against those individuals involved in the criminal proceedings against him must be dismissed. All of these claims are of a type pursued in the criminal proceeding itself, typically through a motion to dismiss the indictment, suppress evidence, or subsequently to challenge any conviction on direct appeal. Had Flanery already been convicted of the charged crimes, his claims would face a potential bar under *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (any civil rights claim which would necessarily call into question the validity of a criminal

conviction is not cognizable until that conviction is reversed or otherwise vacated). Here, however, Flanery indicates that he is a pretrial detainee, and thus that he has not yet been convicted of any crime arising out of the arrest and prosecution about which he now complains.

In such circumstances, where

> ... a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. ... If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 127 S.Ct. 1091, 1098 (2007) (*citing Heck*, 512 U.S. at 487-88; *Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996); *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)); *see also Johnson v. Arndt*, 2005 WL 348409 (9th Cir. 2005) (illegal seizure and wrongful arrest claims against police officers were premature under *Heck* where success on claims would have necessarily implied invalidity of his convictions and arrestee had not demonstrated that those convictions had been overturned). Therefore, at a minimum, Flanery's claims regarding his prosecution would have to be stayed pending the outcome of his state court criminal proceedings.

However, in *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts must not exercise their jurisdiction in equity to enjoin state criminal prosecutions absent truly extraordinary circumstances. *Id*. at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205

3

(6th Cir. 1986). To determine whether *Younger* abstention is required, a court considers whether (1) a state proceeding is pending at the time the federal action is initiated; (2) an adequate opportunity is provided to raise the constitutional claims in state court; and (3) there are extraordinary circumstances that nevertheless warrant federal intervention. *Id*.

Flanery has indicated that, at the time he filed his complaint in this action, he was a pretrial detainee in custody pending unspecified criminal charges. There is no indication in the record that the state court would refuse to consider his constitutional claims, and due respect for the legal process in state courts precludes any presumption that state courts are unable or unwilling to safeguard federal constitutional rights. *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). Nothing in Flanery's complaint indicates the presence of any factor which "render[s] the state court incapable of fairly and fully adjudicating the federal issues before it" as required to satisfy the "extraordinary circumstances" exception. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

The record therefore indicates that *Younger* abstention is appropriate, indeed required, with respect to Flanery's allegations regarding alleged constitutional infirmities of his prosecution. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings). Where *Younger* abstention is appropriate, it requires dismissal of those claims without prejudice. *Zalman*, 802 F.2d at 207 n.11. Thus, while a stay of these proceedings would be permissible in light of *Heck*-related concerns, dismissal of these claims without prejudice is more appropriate in light of *Younger*.

**B.     Conditions of Confinement Claims.**

With respect to Flanery's allegations regarding the conditions of his confinement at the Greenup County Detention Center, the Court will dismiss these claims because none of the named defendants had any personal involvement with the conduct which gives rise to them. The Plaintiff has named as defendants individuals involved with his criminal prosecution, but did not name any GCDC official or other party responsible for its operations or policies as a defendant. Because none of the persons named as a defendant had any personal involvement with these claims, they are subject to dismissal with prejudice. *Nwaebo v. Hawk-Sawyer*, 83 Fed.Appx. 85, 86, 2003 WL 22905316, *1 (6th Cir. 2003) (unpublished disposition) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)).

**III.   CONCLUSION**

Accordingly, it is **ORDERED** that:

1.     Plaintiff's claims challenging aspects of the criminal proceedings against him are **DISMISSED WITHOUT PREJUDICE.**

2.     Plaintiff's claims regarding conditions at the Greenup County Detention Center are **DISMISSED WITH PREJUDICE** against the named defendants.

3.     The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Chanced v. Scarman*, 117 F.3d 949 (6th Cir. 1997).

4.     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This July 18, 2008.

**Signed By:**
***Henry R Wilhoit Jr.***
**United States District Judge**